# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | THIRD AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | Case Number: 2:15-cr-00002-KJD-CWH-1 |
| ROBERT DAVIDSON | USM Number: 49708-048 |
| | Rachel Korenblat, AFPD |
| | Defendant's Attorney |

**Date of Original Judgment:** 7/1/2016
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s) One (1) of the Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography | 6/16/2010 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/21/2016
Date of Imposition of Judgment

/s/ Kent J. Dawson
Signature of Judge

KENT J. DAWSON, UNITED STATES DISTRICT JUDGE
Name of Judge / Title of Judge

July 26, 2016
Date

*amendment is noted by asterisk

AO 245C (Rev. 09/08 Amended Judgment in a Criminal Case)
Sheet 2 — Imprisonment          (NOTE: Identify Changes with Asterisks (*))

Case 2:15-cr-00002-KJD-CWH Document 59 Filed 07/26/16 Page 2 of 9

DEFENDANT: ROBERT DAVIDSON
CASE NUMBER: 2:15-cr-00002-KJD-CWH-1

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

48 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant to be permitted to serve his term of incarceration in FCI Taft or Terminal Island, CA with Intensive Drug Program.

\* ☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 12:00 p.m. _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:15-cr-00002-KJD-CWH   Document 59   Filed 07/26/16   Page 3 of 9
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: ROBERT DAVIDSON
CASE NUMBER: 2:15-cr-00002-KJD-CWH-1

Judgment—Page 3 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

10 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 3C — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: ROBERT DAVIDSON
CASE NUMBER: 2:15-cr-00002-KJD-CWH-1

Judgment—Page **4** of **7**

# SPECIAL CONDITIONS OF SUPERVISION

1. Substance Abuse Treatment - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

2. Drug/Alcohol Testing - You shall submit to drug/alcohol testing as directed by the probation officer not to exceed 104 tests per year.

3. Sex Offender Treatment - The defendant shall attend, cooperate with, and actively participate in a sex offender treatment program, which may include polygraph examinations, as approved and directed by the probation officer, and as recommended by the assigned treatment provider.

4. No Contact with Minors - The defendant shall not associate with children under the age of 18, without the consent of a parent or guardian who is aware of the nature of the defendant's background and offense conduct. Furthermore, the association shall only occur in the presence of a responsible adult who is also aware of the nature of the defendant's background and offense conduct. The consent and notifications shall be confirmed and approved by the probation officer in advance. The defendant shall not loiter within 100 feet of places primarily used by children under the age of 18 without lawful business. This includes, but is not limited to, school yards, playgrounds, arcades, public swimming pools, water parks, and day care centers. The defendant shall not engage in any occupation without prior approval to probation officer, either paid or volunteer, that caters to known persons under the age of 18.

5. Pornography Prohibition - The defendant shall not possess, own, use, view, or read any material depicting and/or describing "sexually explicit conduct" involving children, as defined by 18 U.S.C. § 2256(2), or "actual sexually explicit conduct" involving adults, as defined by 18 U.S.C. § 2257(h)(1). This prohibition includes, but is not limited to, computer images, pictures, photographs, books, writings, drawings, videos, or video games. The definition under 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. The definition under 18 U.S.C. § 2257(h)(1) means actual, but not simulated, conduct as defined in clauses (a) - (e) above. Furthermore, the defendant shall not patronize any place where the primary purpose is related to such material or entertainment.

       **ACKNOWLEDGEMENT**

       Upon finding of a violation of probation or supervised release, I understand that the court may
       (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of
       supervision.

       These conditions have been read to me. I fully understand the conditions and have been provided
       a copy of them.

   (Signed)    _____      _____
                            Defendant                                   Date

                _____      _____
              U.S. Probation/Designated Witness               Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 4C — Probation  (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: ROBERT DAVIDSON
CASE NUMBER: 2:15-cr-00002-KJD-CWH-1

Judgment—Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

6. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

7. Pre-approved Residence - The defendant's residence shall be pre-approved by the probation officer. The defendant shall not reside in a location that has direct view of places such as school yards, parks, public swimming pools, recreational centers, playgrounds, day care or youth centers, video arcade facilities, or other places that are primarily used by children under the age of 18.

8. Computer Pornography Prohibition - You shall neither possess nor have under your control any matter that is pornographic, as defined in 18 U.S.C. § 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

9. Computer Restriction and Monitoring - The defendant shall keep the probation officer accurately informed of all computers and computer related digital devices or equipment with memory and/or wireless capabilities that he/she owns, uses, possesses or has access to. This includes, but is not limited to, desktop, laptop, and tablet computers, smart phones, cameras, digital readers, and thumb drives. The defendant shall provide to the probation officer all device and program passwords and internet service provider information, upon request. The defendant shall consent to the installation of any hardware or software systems on any computer or computer related digital device, to monitor the use of said equipment, at the direction of the probation officer; and the defendant agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. Furthermore, the defendant shall consent to the inspection, imaging, copying of data, or removal of any device to ensure compliance with conditions.

10. Notice to Employer of Computer Restriction - The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon him/her. This includes activities in which the defendant is acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

11. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

12. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

Case 2:15-cr-00002-KJD-CWH   Document 59   Filed 07/26/16   Page 6 of 9

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties                                          (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: ROBERT DAVIDSON
CASE NUMBER: 2:15-cr-00002-KJD-CWH-1

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ WAIVED | $ N/A |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| * **TOTALS** | $ | 0.00 | 0.00 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
        Sheet 6 — Schedule of Payments                                                              (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  7  of  7

DEFENDANT: ROBERT DAVIDSON
CASE NUMBER: 2:15-cr-00002-KJD-CWH-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☒ Lump sum payment of $ 100.00  due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

* ☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
   Final Order of Forfeiture Attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| UNITED STATES OF AMERICA, | ) | 2:15-CR-002-KJD-(CWH) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Final Order of Forfeiture |
| ROBERT DAVIDSON, | ) | |
| Defendant. | ) | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and Title 18, United States Code, Section 2253(a)(1) and (a)(3) based upon the plea of guilty by defendant Robert Davidson to the criminal offense, forfeiting the property set forth in the Forfeiture Allegations of the Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which defendant Robert Davidson pled guilty. Criminal Indictment, ECF No. 1; Amended Change of Plea, ECF No. 32; Preliminary Order of Forfeiture, ECF No. 33.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from October 31, 2015, through November 29, 2015, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 35.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

///

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 2253(a)(1) and (a)(3); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

    1. Emachines desktop computer, serial number XC68370052078;

    2. Dell Inspiron laptop computer, serial number 1H3VN71; and

    3. Miscellaneous computer discs

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 30th day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE

2